STATE OF MINNESOTA ex rel. FRED DAVIS v. WILLIAM B. PATTON.[1]

Nov. 11, 1895.

Nos. 9620—(118).

**County Surveyor—Transmission of Field Notes.**

> Where one contemplating the platting of his land as a town site employs the county surveyor to make a survey of it, and a plat is made in accordance with the survey, and the county surveyor attaches to the plat his official certificate in the form prescribed by statute, the survey is an official one, and the record of it, including the "field notes and calculations," is official, and should be transmitted by the county surveyor to his successor in office.

Appeal by relator from an order of the district court for St. Louis county, Moer, J., overruling a demurrer to the answer. Reversed in part.

In the part of the answer entitled Class 7 and referred to in the opinion, respondent in substance alleged that certain of the surveys or plats therein specified were made by other and unofficial sur-

[1] Reported in 64 N. W. 922.

veyors; that he never had any official notes or documents covering the same;, that his only relation to such matters was in making the certificate for the purpose of record; and, in respect to the other surveys or plats therein specified, that before making such official certificates upon the plats, respondent, or some deputy, made such surveys as enabled him to verify the accuracy of such plats, but that when such surveys were made the field notes thereof and all official records or documents had been delivered to his successor. In the part of the answer entitled Class 10, respondent in substance alleged that the surveys therein specified were made by a partnership consisting of himself and another, unofficially, and as private individuals, at the request of the owners of such lands and pursuant to a private contract entered into between them; that no field notes, or other documents or papers of an official nature, were ever made by or came into the possession of respondent in connection with the surveying or platting of said lands, and that his only official act in connection therewith consisted in his having made, by himself or deputy, a certificate to such plats, official in form, in accordance with G. S. 1894, § 2307, but that the lands thus designated being within the city limits of the City of Duluth, by reason of said special statute, he had no jurisdiction or official authority to certify to said plats, and that in fact his certificate was not an official act.

*Geo. E. Arbury* and *M. H. Stanford,* for appellant.

*Billson, Congdon & Dickinson,* for respondent.

MITCHELL, J. Mandamus to compel the defendant (formerly county surveyor) to deliver to the relator, as his successor in office, "the field notes and calculations" of surveys made by defendant while in office, which plaintiff claims are public property, belonging to the office of county surveyor, but which the defendant claims are his own private property. The case comes here on appeal from an order overruling plaintiff's demurrers to those parts of defendant's answer entitled classes Nos. 6, 7, 8, and 10, respectively.

As counsel for plaintiff admitted on the oral argument that the demurrer was properly overruled as to class 10, and as it clearly was so as to class 7, it only remains to consider those parts of the answer entitled classes 6 and 8, which are practically the same. These parts of the answer admit that defendant or his partner (who was his offi-

cial deputy) did make surveys of the lands embraced in these classes, but allege that they did not do so officially, but merely in a private capacity, under private contracts with the owners; that afterwards plats of the lands were made without any new surveys being made; that the only official acts done by him in respect to such lands or plats was to attach his official certificate to the plats in the manner prescribed by statute, in order that the same might be recorded. We construe the answer as admitting that these surveys were all made during defendant's term of office, and that he has in his possession "the field notes and calculations of each survey." We also construe it as admitting, impliedly at least, that the plats were made from and in accordance with these surveys, and that defendant attached his official certificates to these plats wholly upon the strength of these surveys which he or his deputy had thus made. It is also quite apparent that the surveys were made with reference to the contemplated platting of the lands into town sites or additions thereto.

The statute provides that the county surveyor, by himself, or one of his deputies, "shall execute all surveys which shall be ordered by any court, board of county commissioners, town supervisors, or other public officer within his county, or upon application of any individual or corporation." G. S. 1894, § 831. Also that: "He shall keep a correct and fair record of all surveys made by him or his deputies * * * which he shall transmit to his successor in office: he shall also number such surveys progressively, and shall preserve a copy of the field notes and calculations of each survey indorsing thereon its proper number, a copy of which, and also a fair and accurate plat, together with a certificate of survey shall be furnished by said surveyor to any person requiring the same." Id. § 832. Also that "the certificate of the county surveyor, or any of his deputies, shall be admitted as legal evidence." Id. § 5758. The statute regulating town plats provides that (except in cities having some other duly-constituted officer for that purpose): "Before any plat hereafter made of a townsite, division thereof or addition thereto, can be recorded in the office of the register of deeds of any county in this state it shall have attached thereto a certificate of county surveyor, certifying that the monuments for the guidance of future surveys, as shown on the plat, have been correctly placed; that the boundary lines of the land platted are correctly shown on the plat. * * * It shall be the

duty of the county surveyor, upon request of any person or persons desiring to record a plat, to make all surveys necessary to determine the accuracy of said plat, with all possible dispatch, either personally or by his duly appointed deputy; and if the survey of the plat be found incorrect, he shall notify the persons requesting his certificate of such errors, and shall not attach his certificate to said plat until satisfied that all errors have been corrected." Id. § 2307.

We are not called on to consider some of the questions argued by counsel (upon which the statutes are not as clear as might be desired), as, for example, whether all surveys of land made by a county surveyor during his term of office are official, and, if not, what are and what are not. But we are satisfied that upon the facts of this case the field notes and calculations of the surveys in question are public property pertaining to the office of county surveyor, and should have been transmitted by defendant to his successor in office. While the statute does not, in express terms, require the county surveyor to transmit to his successor anything but the "record" of surveys, yet it is clear from the provisions for the preservation of "the field notes and calculations," and for furnishing copies of them when requested (which could only be effectually done by keeping them in the county surveyor's office), that they are either to be deemed a part of the "record," or to stand on the same footing, and are to be transmitted to the successor in office. It is also apparent that, to enable a county surveyor to certify to the accuracy of a town plat, he must either have made the survey, or make a practically new survey himself, in order to test the accuracy of the one already made. In the present case, if the defendant himself or his deputy had not made these surveys, it would have been his duty, when called on for his certificate, to make the surveys necessary to determine the accuracy of the plats. Had he done so, it is conceded that his surveys would have been official, and therefore that his field notes and calculations would have belonged to the office, and should have been transmitted to the relator as his successor. In that case all parties interested in the lands covered by the plats would have the benefit for all time of the field notes and calculations of the defendant. But, inasmuch as defendant or his deputy had themselves made the surveys from which the plats were made, he was enabled to certify to their correctness without making any new survey. To permit him to withhold the field

notes and calculations of the very surveys upon the strength of which he made his certificates because he happened to have made the surveys before he was called on to attach his official certificates to the plats, would defeat one of the main purposes of the statute requiring the certificate of the county surveyor, rather than that of some other surveyor.

It is evident that these surveys were made as all such surveys are made. One contemplating platting his lands into a town site is practically compelled to employ the county surveyor, for no one else is permitted to certify to the plat, and no one can truthfully certify to a plat unless he has made the survey, or at least has tested the accuracy of the one already made by some survey of his own. When a man thus calls on the county surveyor, he does not say to him, "I want you to make an official survey," nor does the county surveyor ask him whether he wants an official or an unofficial survey. While nothing may be said on the subject, both parties understand that the survey is made, having in contemplation the making of the plat from it, and that, when the plat is made, the county surveyor's certificate will be attached, in order to entitle it to record. It seems to us that, after all this is done, to allow the county surveyor to withhold so valuable a part of the record of the survey as the field notes on the pretext that the survey was an unofficial one, because he made it before he was called on to attach his official certificate to the map, and that nothing was said about the survey being an official one, would be to sanction an evasion of official duty by a mere play on words.

Order affirmed as to class 7 and class 10, and reversed as to class 6 and class 8.